# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERTO BARRIOS-ARROYO,**

      **Plaintiff,**

**-vs-**              **Case No. 6:08-cv-1944-Orl-22DAB**

**J.L. WILSON CONCRETE, INC.,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION TO DISMISS (Doc. No. 3)**
>
> **FILED:**   **November 19, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

   The motion seeks a dismissal of the Complaint for a lack of specificity. the motion is without merit.

   A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1947). In general, the plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir.1996). Plaintiff must

plead enough facts to state a claim to relief that is plausible on its face, however. *Bell Atlantic Corp. v. Twombly,* __U.S.__, 127 S.Ct. 1955 (2007).

Applied here, Plaintiff has filed a Complaint (Doc. No. 1) asserting that he was employed by Defendant (Allegation 5) and Defendant has not paid Plaintiff proper wages and owed overtime (Allegations 6 and 7). Plaintiff seeks relief under Florida law (Count I) and pursuant to the Fair Labor Standards Act (Count II). This is sufficient, at this stage of the proceedings.

Despite Defendant's suggestion to the contrary, Plaintiff is not required to anticipate and negate any affirmative defenses such as exemptions under the Act. Moreover, the lack of specifics as to the weeks or amount claimed is not a fatal defect, especially considering that Plaintiff has filed sworn Interrogatory Responses that provide this information in more detail (*See* Doc. No. 11). It is **respectfully recommended** that the motion be **denied.** The parties are to comply with the Scheduling Order issued contemporaneously with this Report.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 3, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy